## Henry R. Amann, Appellee, v. Chicago Consolidated Traction Company, Appellant.

### Gen. No. 14,510.

1. VERDICT—*when not excessive.* A verdict reduced by *remittitur* to $3,500 in an action for assault, *held*, under the evidence, not excessive.

2. DAMAGES—*what evidence competent in action for injuries to person.* In an action for assault it is competent for the plaintiff to show what his regular employment was at the time of such assault, if such employment was permanent, and what was his salary or wages.

3. EVIDENCE—*what opinion of expert competent.* In an action for injuries to the person it is competent for an attending physician to give his opinion to the effect that the contusions and abrasions which he found upon the plaintiff were such as might aggravate his previous condition of partial paralysis.

Action on the case. Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed April 20, 1909.

JOHN A. ROSE and FRANK L. KRIETE, for appellant.

MORGAN & RUBENSTEIN, for appellee; BOWLES & BOWLES, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

In an action on the case brought by appellee against appellant, to recover damages for an assault alleged to have been maliciously made by a conductor of the defendant on the plaintiff while a passenger on a street car of defendant, the jury found the defendant guilty and assessed plaintiff's damages at $5,525. The plaintiff remitted $2,025, the court denied defendant's motion for a new trial, gave judgment for plaintiff for $3,500, and defendant appealed.

Two grounds of reversal are argued by appellant: First, that the damages are excessive, and second, that the trial court erred in its rulings on evidence.

At the close of plaintiff's case, plaintiff's counsel at the request of defendant's counsel, admitted that Major Devlin, who had charge of reports made to defendant of accidents and occurrences similar to the one out of which this suit grew, would, if present, testify that no report was made to the defendant of said occurrence. The defendant offered no evidence and the case was submitted to the jury on the evidence for the plaintiff and said admission by plaintiff's counsel. The acts complained of were committed June 25, 1903.

In October 1900, plaintiff had a stroke of paralysis, which left his left side, leg and arm partially paralyzed. His condition improved to some extent before the assault, but at that time he was still partially paralyzed.

On the day of the assault, plaintiff was a passenger on a west bound open electric street car of defendant in Belmont avenue, Chicago, and intended to leave the car at Lincoln avenue. The car stopped on the east side of that avenue and two passengers left the car. Plaintiff arose to leave the car, but before he was able to do so, the conductor gave the signal to start and the car started forward. Plaintiff then resumed his seat, intending to leave the car when it stopped on the west side of the avenue. He testified that as the car approached the west side of Lincoln avenue it was running very slowly and he arose to get off; that the car did not stop and in his paralyzed condition he could not get off; that while he was still standing with one foot on the running board and the other on the floor of the car, the motorman turned on the current; that plaintiff then seized the bell cord and pulled it two or three times to signal the car to stop; that so soon as he did so the motorman turned off the current; that so soon as plaintiff pulled the cord the conductor ran back on the foot board to the plaintiff, ordered him to leave the car, called him a vile name and caught him by the neck and threw him from the car; that

plaintiff's left side, the partially paralyzed side, struck the ground; that his left shoulder, arm, side and leg were bruised, his left ankle sprained and his left hip injured.

Before plaintiff was paralyzed he was a musician, played the banjo and guitar, but was not able afterwards to play. About January, 1902, he was employed by Lange, a florist, at $75 a month. He kept books, made purchases of seeds and flowers for his employer at the wholesale houses and rendered other services. He was laid off during the dull months of July and August, 1902, went back to work September, 1902, and worked until about the first of July, 1903, when he was again laid off. He testified that his health was satisfactory when he quit work in June, but that since the assault he had not been able to do any work; that he was too nervous to work; that when he was thrown from the car he weighed 185 to 190 pounds, and at the time of the trial 155 pounds; that he paid to physicians and for massage and electrical treatment after he was thrown from the car, $800. It is true that plaintiff was unable to give any particulars as to the payment of the different sums making up this amount of $800, or to state, with one exception, the name of the person to whom he paid money for treatment after the assault. From his testimony and that of Dr. Stern, who examined him soon after the assault, and treated him for some time afterwards, the jury might properly find that plaintiff in being thrown from the car was severely bruised and injured. Dr. Stern testified that such injuries might affect unfavorably his paralytic condition. Plaintiff testified that his condition since the assault had been much worse than it was for some time before the assault; that he had worked from January, 1902, to the end of June, 1903, except during July and August, 1902, when he was laid off because business was dull, and that during the four years and some months which elapsed

between the assault and the trial, he had not been able to do any work.

From all of the evidence the jury might, we think, properly award the plaintiff a substantial sum as compensation for actual damages suffered by him in consequence of the assault. From the evidence the jury might also, we think, properly find that the assault made on the plaintiff was malicious; that the injuries he sustained thereby, were maliciously and wantonly inflicted by the conductor, under such circumstances as to justify and support an award of punitive damages against the defendant.

We do not think that, on the evidence in this record, the amount of the judgment can be held excessive.

We are unable to see that the fact that plaintiff was a musician, but when unable longer to follow that profession, entered the services of a florist, rendered it improper to prove the salary or wages paid him by the florist. It was not a mere casual or temporary employment. He was so employed from January, 1902, to the end of June, and from September 1, 1902, to the end of June, 1903, and expected to resume his duties September 1, 1903.

It was not error to refuse to strike out the answer of Dr. Stern that in his opinion such contusions and abrasions as he found on the left side of the plaintiff might aggravate his condition of partial paralysis. The answer was but an expression of his opinion that such contusions and abrasions on that side of plaintiff's body were competent to aggravate his condition of partial paralysis.

The record is, we think, free from error and the judgment will be affirmed.

*Affirmed.*